IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MONTE BERNARD MAXWELL,

                Petitioner,

vs.

THE STATE OF NEBRASKA,

                Respondent.

**8:22CV283**

**MEMORANDUM AND ORDER**

    This matter is before the Court on what has been docketed as Petitioner Monte Bernard Maxwell's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Filing No. 1. However, this matter will not proceed further until Petitioner cures the deficiencies discussed below.

    First, Petitioner failed to include the $5.00 filing fee. Petitioner has the choice of either submitting the $5.00 fee to the Clerk's office or submitting a request to proceed in forma pauperis. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this Court. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Petitioner.

    Second, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.[1]

    Third, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules*

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows the Court to apply those rules to a section 2241 action.

*Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 242 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Rather, a Nebraska state court form "Motion to Dismiss" and a two-page, typed document was submitted that does not clearly indicate the decision or action challenged. Rather, it appears Petitioner has listed a criminal citation number.

Based on these deficiencies, Petitioner's petition is deemed insufficient and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus. To be clear, Petitioner must (1) either pay the $5.00 fee or submit a request to proceed in forma pauperis and (2) file an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 that is originally signed under the penalty of perjury. The Court will direct the Clerk of the Court to send to Petitioner the AO 242 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

IT IS THEREFORE ORDERED that:

1. Petitioner is directed to submit the $5.00 fee to the Clerk's office or submit a request to proceed in forma pauperis by **September 8, 2022**. Failure to take either action will result in dismissal of this matter without further notice.

2. The pending Petition, Filing No. 1, is deemed insufficient and the Court will not act upon it.

3. By **September 8, 2022**, Petitioner shall file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner is encouraged to use the enclosed official Form AO242. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly

display the case number (8:22CV283). Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

4. The Clerk of the Court is directed to send to Petitioner the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") and the Form AO242 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

5. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **September 8, 2022**: Check for MIFP or payment and amended petition.

Dated this 9th day of August, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge